UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN C. CARTES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3557 |
| | § | |
| LISA ELLEN PHILLIPS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON FEES AND COSTS

**I.**

Before the Court are the petitioner's, Sebastian C. Cartes, motion for attorney's fees and costs [DE #87], and the respondent's, Lisa Ellen Phillips, response in opposition to the petitioner's motion [DE #89]. The Court has reviewed the documents presented and determines that the petitioner is entitled to an award of attorney's fees and costs, and therefore, the Court grants an award as set out hereafter.

**II.**

The Court's Memorandum Opinion and Order entered earlier in this case sufficiently sets forth the Court's findings of facts and conclusions of law [DE #69]. Therefore, the Court will not restate the facts here, but relies on that document, in part, as the basis for its awards here.

In her response, the petitioner's motion, the respondent asserts that the petitioner has failed to: (a) establish that the fees and costs incurred were both reasonable and necessary to the return of the child; (b) meet his burden to establish the reasonableness and necessity of his fees; and (c) establish that an award would be appropriate.

### III.

The respondent correctly cites to the ICARA provision that establishes that a successful party in an abduction case should be awarded attorney's fees and cost. Section 9007(b)(3) states that a successful party is entitled to recover: "necessary expenses incurred by or on behalf of the petitioner including court costs, legal fees, foster care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly in appropriate." *See* 22 U.S.C. § 9007(b)(3).

In *Salazar v. Mairmon*, the Fifth Circuit opined that the Court is obligated to impose necessary expenses, and placed the burden on the respondent to show that an award is unnecessary or clearly inappropriate. 750 F.2d 514, 520. The terms "clearly inappropriate" and "unnecessary" do not automatically negate an award based on self-imposed poverty, as is the case here, since part of the logic of an award is to discourage conduct that one might not otherwise engage in were he/she financially able to sustain a reasonable award of fees and costs. The fact that the respondent claims that she has no assets and has not worked for over seven years may be a factor to consider as it relates to the amount of an award, but not whether there should be an award.

### IV.

The Court is of the view that the arguments made by the respondent address the reasonableness of the size of the awards requested, not whether an award should be granted. The respondent's arguments concerning the adequacy of the documentation of the time expended, expenses that should be excluded or that are unreasonable, and the fact that certain times or billing characterizations were overly redacted, do not render the petitioner's right to a recovery null or void. Nevertheless, the Court is of the opinion that the fees and expenses are excessive,

in light of: (a) respondent's ability to pay costs and fees compared to the petitioner's ability to sustain like or similar costs and fees; (b) the excessive time and efforts to resolve the case short of a hearing.

Considering the time and labor required, difficulty of the issues, the skill required, customary fees for similar cases, any limitations or circumstances, or the preclusions of this case to other employment, the experience and reputation of the attorneys involved, and the issues involved, the Court determines that the time reasonably necessary to prepare this case for a hearing and conduct a hearing of three day is 150 hours. A reasonable fee in this District averages $450.00 per hour based on the level of skill of the attorneys involved. Moreover, the Court's experience, in like or similar cases, does not dictate a greater fee simply because the attorneys on both sides of this case expended more time.

Concerning the costs and fees other than attorney's fees, the Court determines that the following are reasonable and are awarded: mediation fee $1,500; housing only for the petitioner for three months, $4,500; deposition costs, $7,290; translator expense, $2,960; airline tickets for petitioner and the child $1,800, and miscellaneous expense of $ 900. The Court makes no award for restaurant fees, café fees, file management, extra copies and any other chronicled expenses, finding them unnecessary and/or excessive for the nature and purpose of this suit.

It is so Ordered.

SIGNED on this 13th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge